**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ryan K.,

Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security

Defendant.

Case No. 25-cv-2054 (SGE)

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). (Dkt. 27.) The Commissioner does not oppose the Motion but asks the Court to specify that any fees awarded should be paid out of Plaintiff's past-due benefits. (*See* Dkt. 30, at 2-3.) For the reasons set forth below, the Motion is granted.

## BACKGROUND

Plaintiff and Defendant stipulated to the remand of Plaintiff's case to the Social Security Administration ("SSA") for further administrative proceedings. (Dkt. 12.) Plaintiff prevailed on remand and received $78,069.00 in past-due benefits. (Dkt. 28 ¶ 7.) Thereafter, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), which the Commissioner did not oppose. (Dkts. 20, 24.) On May 19, 2026, the Court granted the motion and awarded Plaintiff $8,583.80. (Dkt. 25.)

Plaintiff's counsel now seeks $19,517.25 in attorney's fees under 42 U.S.C.

§ 406(b), which governs fees incurred in proceedings before the Court.[1] (Dkt. 28 ¶¶ 7, 9.)

This amount reflects 25% of Plaintiff's past due benefits.[2] The Commissioner does not oppose the Motion but asks the Court to order that any fees awarded under § 406(b) must be paid out of Plaintiff's total past due benefits. (Dkt. 30, at 2-3.) The Commissioner reasons that failing to do so could leave insufficient funds to pay Plaintiff's counsel who participated in the administrative proceedings under § 406(a).

## ANALYSIS

A court may award reasonable fees to a successful claimant's counsel for work performed before the Court. 42 U.S.C. §406(b); *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002); *Theodoros K. v. Kijakazi*, No. 20-cv-2228 (KMM/ECW), 2023 WL 4621896, at *2 (D. Minn. July 19, 2023). The fee award may not exceed 25% of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b). A claimant's counsel is successful when there is "a judgment favorable to the claimant." 42 U.S.C. § 406(b)(1)(A); *Switzenberg v. O'Malley*, No. 18-CV-2429 (KMM), 2024 WL 4356316, at *1 (D. Minn. Oct. 1, 2024). Although § 406(b) authorizes attorney's fees in an amount "not to exceed 25%" of the total past-due benefits, courts have an obligation to independently review contingent fee

[1] Plaintiff has also filed a separate claim for attorney's fees under § 406(a), which governs fees incurred in proceedings before the Commissioner. (Dkt. 28-5.) Unlike fee claims under § 406(b), such claims are handled by the Commissioner. The Commissioner has not yet granted a fee award under that provision. (*Id.*; Dkt. 28-2; Dkt. 30, at 2-3.)

[2] Counsel acknowledges that if the Motion is granted, she will be required to refund the EAJA fees already awarded. (Dkt. 27 ¶ 2.)

arrangements in Social Security representations for reasonableness of attorney's fee awards. *Gisbrecht*, 535 U.S. at 807; *Theodoros K.*, 2023 WL 4621896, at *2.

**I. Reasonableness of Attorney's Fees**

Here, there is no question that Plaintiff's counsel obtained a successful judgment, having secured $78,069.00 for Plaintiff in past-due benefits on remand. (Dkt. 28 ¶ 7); 42 U.S.C. § 406(b)(1)(A). Thus, the only question is whether the requested fees are reasonable. The Court finds that they are.

In assessing fee awards for reasonableness, a court must first determine whether the contingent-fee agreement between the claimant and the claimant's counsel is reasonable. *See Gisbrecht*, 535 U.S. at 808. Here, Plaintiff agreed to pay 25% of any past-due benefits awarded to his counsel. (*See* Dkts. 21-2, 28.) A contingent fee agreement paying counsel the statutory maximum 25% of past-due benefits is "the most common fee arrangement between attorneys and Social Security claimants." *Switzenberg*, 2024 WL 4356316, at *2 (quoting *Gisbrecht*, 535 U.S. at 800). The contingency fee agreement is therefore reasonable.

If the contingency fee agreement is reasonable, a court must then ask whether the attorney's recovery should be reduced based on "the character of the representation and the results . . . achieved." *Gisbrecht*, 535 U.S. at 808. The Court may reduce attorney's fees if "the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808; *Shane T. v. Saul*, No. 18-cv-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020).

A reduction is not warranted here. The record does not support a finding that counsel's representation was "substandard or responsible for any delay." *Shane T.*, 2020 WL 5743075, at *1. Nor is the full award "large in comparison to the amount of time spent on the case." *Theodoros K.*, 2023 WL 4621896, at *2 (cleaned up). Plaintiff's counsel spent 33.8 hours on this matter and seeks $19,517.25, based on an hourly rate of $577.43. (Dkts. 21-3, 24, 28 ¶¶ 8-11.) This District has previously held that similar rates are reasonable. *See, e.g.*, *Lee R. v. Kijakazi*, No. 20-CV-1989 (TNL), 2023 WL 7014406, at *3 (D. Minn. Oct. 25, 2023) (approving an hourly rate of $633.39); *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (approving an hourly rate of $900); *Switzenberg*, 2024 WL 4356316, at *2 (approving $1,155.09 hourly rate). The Court thus finds that a fee award of $19,517.25 is reasonable.

## II. EAJA Offset

A claimant's counsel may receive fee awards under both EAJA and § 406(b), but counsel "must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796; *Switzenberg*, 2024 WL 4356316, at *2.

Plaintiff's counsel previously received $8,583.80 in attorney's fees under the EAJA and now seeks $19,517.25 under § 406(b). Because the recovery under EAJA is the lesser of the two fees, Plaintiff's counsel must therefore return $8,583.80 to Plaintiff.

## III. Withholding Shortages

As noted, the Commissioner asks the Court to specify that the fees are to be paid out of Plaintiff's past-due benefits in accordance with an uncited agency policy, so that the Commissioner will have sufficient funds to pay attorney's fees under § 406(a). But what

happens at the administrative level under § 406(a) is separate and distinct from what the Court is authorized to do under § 406(b). The statute does not require the Court to structure its award of attorney's fees under § 406(b) to accommodate the Commissioner's obligations under § 406(a). *See Culbertson v. Berryhill*, 586 U.S. 53, 61-62 (2019) ("[T]he amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court."). "Any concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment." *Id.* at 62. The Court denies the Commissioner's request.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. 27), is **GRANTED;**
2. Plaintiff's counsel is awarded $19,517.25 in attorney's fees; and
3. Plaintiff's counsel must refund to Plaintiff the $8,583.80 in attorney fees previously awarded under the EAJA.

Dated: November 9, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge